Stacy DRAYTON, Petitioner–Appellant,

v.

Rosie B. GARCIA, Warden,
Respondent–Appellee.

No. 00–56590.
D.C. No. CV–99–10769–CM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2001.

Decided March 20, 2002.

Before BEEZER and WARDLAW, Circuit Judges, and SCHWARZER,* Senior District Judge.

MEMORANDUM **

Stacy Drayton, a state prisoner, appeals the district court's dismissal with prejudice of his habeas corpus petition. We have jurisdiction pursuant to 28 U.S.C. § 2253.

---

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We affirm. Because the parties are familiar with the facts, we discuss only the issues raised on appeal.

Drayton was convicted of unlawful driving of a vehicle in violation of California Vehicle Code section 10851(a). His conviction was affirmed by the California Court of Appeal and review was denied by the California Supreme Court. On appeal and in his habeas petition, Drayton contended that he was denied his Sixth Amendment right to counsel by the state trial court's denial of his motions for substitute counsel. The Court of Appeal, in an opinion, rejected the claim.

Relief is available in federal court only if the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law" or was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). For the reasons summarized below, we hold that Drayton is not entitled to relief.

Between Drayton's preliminary hearing on September 26, 1997, and the start of his trial in December that same year, Drayton made five *Marsden*[1] motions seeking appointment of new counsel. Each motion was heard by a judge and at each hearing, except the fourth, the judge inquired into Drayton's complaints and heard counsel's response. *See Hudson v. Rushen,* 686 F.2d 826, 829, 831 (9th Cir.1982). Drayton complained that he was not getting along with his attorney, that his attorney had not brought certain motions, that his attorney had not been to see him, that his attorney was prejudiced, and that he and his attorney had difficulty communicating. At each hearing, his attorney responded and explained his representation strategy. After making inquiries of Drayton and the attorney, the court denied each motion.

The Sixth Amendment requires an appropriate inquiry on the record into the grounds for a *Marsden* motion, and the matter must be resolved on the merits before the case goes forward. *Schell v. Witek,* 218 F.3d 1017, 1025 (9th Cir.2000) (en banc). If failure to conduct the proper inquiry results in the constructive denial of counsel, it constitutes per se error. *Id.* at 1027. The Court of Appeal correctly held that the trial court's hearings on Drayton's first, second, third and fifth motions satisfied the Sixth Amendment. In its opinion, however, it failed to address Drayton's fourth motion. That motion was made before the calendar judge, immediately prior to trial. He summarily denied it stating that it raised no new contentions. Nonetheless, within an hour Drayton made his fifth and final motion to the trial judge, who, after hearing the participants, denied it. That hearing cured any deficiency in the disposition of the fourth motion.

The Court of Appeal also correctly concluded that Drayton was not denied his Sixth Amendment right to counsel because there was no conflict or breakdown of communication between attorney and client that prevented effective representation. *Id.* at 1026 (stating that defendant's constitutional rights are violated where "the conflict between [the client] and his attorney had become so great ... that it resulted in turn in an attorney-client relationship that fell short of that required by the Sixth Amendment."). Although the record indicates that Drayton and his counsel had a challenging relationship, the Sixth Amendment only guarantees competent representation, not a meaningful relationship. *Morris v. Slappy,* 461 U.S. 1, 13–14, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983). More-

---

1. A motion seeking appointment of new counsel named after *People v. Marsden,* 2 Cal.3d 118, 84 Cal.Rptr. 156, 465 P.2d 44 (1970).

over, some of Drayton's complaints arose from differences over trial strategy, which are not appropriate grounds for appointing substitute counsel. *See Schell,* 218 F.3d at 1026 n. 8 (quoting *Brookhart v. Janis,* 384 U.S. 1, 8, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966) (Harlan, J., dissenting in part)) ("'[A] lawyer may properly make a tactical determination of how to run a trial even in the face of his client's incomprehension or even explicit disapproval.'").

The Court of Appeal impliedly found that Drayton's difficulties with his counsel did not rise to the level of constructive denial of counsel, a not clearly erroneous finding. Because Drayton did not suffer constructive denial of counsel, he must demonstrate prejudice under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which he cannot do. *Id.* at 1028. The record reflects that Drayton's counsel cross-examined the prosecution's witness with impeaching statements, consulted with Drayton during trial, made a motion to dismiss for insufficiency of the evidence, argued the facts in the light most favorable to Drayton, and negotiated another plea bargain with regard to prior convictions. At the sentencing hearing, counsel called Drayton's mother as a witness and argued the unsophisticated nature of Drayton's crime and the lack of damage it caused. Accordingly, Drayton cannot show prejudice.

AFFIRMED.